UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 14–9716 DSF (RZx) | Date | 2/13/15 |
|---|---|---|---|
| Title | Robert Ament v. First Solar, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion to Remand (Docket No. 9)[1]

Plaintiff Robert Ament moves to remand this action, which Defendants removed based on diversity jurisdiction under 28 U.S.C. § 1332. Ament contends that Defendants have failed to establish complete diversity of citizenship and that Defendants' Notice of Removal was untimely.

Defendants have established complete diversity. Ament is a citizen of California. All of the evidence before the Court, including judicially noticeable documents,[2] suggests that California is Ament's "permanent home," the place "where []he resides with the intention to remain or to which []he intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Defendants' Req. for Judicial Notice, Exs. A at 5, C at 12, D at 27, 29, 32-33, 52.

Although far from stellar, the declarations submitted in support of Defendants' opposition are sufficient to establish that each Defendant is a citizen of a state or states

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 23, 2015 is removed from the Court's calendar.

[2] Ament does not dispute that the Court may take judicial notice of the items filed at Docket Number 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

other than California.  Defendant CLP Resources, Inc. is incorporated in the state of Delaware and maintains its principal place of business in the state of Washington. (Declaration of Todd Gilman ¶¶ 3-6; Dkt. No. 1-1 ¶ 4, Ex. B.)  Defendant First Solar, Inc. is incorporated in Delaware and has its principal place of business in Arizona. (Declaration of Chris Bueter ¶¶ 3-6.)  Defendants have also established that Defendant Tom Webber is a resident of the state of Michigan; Webber grew up in Michigan and has maintained a primary residence in that state since at least 2012.  (Declaration of Tom Webber ¶¶ 2-13.)

The Court rejects Ament's argument that Defendants' Notice of Removal was untimely.  The Ninth Circuit has instructed that "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face."  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  The allegations on the face of Ament's complaint were insufficient to have placed Defendants on notice that the amount in controversy exceeded $75,000.  Defendants had no independent duty to investigate within the first thirty days of receiving the Complaint. See id. at 697.  The evidence establishes that Defendants were unaware that the amount in controversy exceeded $75,000 until receiving Ament's discovery responses on November 20, 2014.  (Declaration of Maureen K. Bogue, Ex. 1 at 5.)  Defendants' Notice of Removal was timely.

The motion to remand is DENIED.

IT IS SO ORDERED.